IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TAMAICA HOSKINS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil Action No. 3:16cv439-MHT<br>[WO] |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause comes before the court on Petitioner Tamaica Hoskins's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. No. 1.[1]

### I.   INTRODUCTION

On March 13, 2015, Hoskins appeared before this court and pled guilty under a plea agreement to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and aggravated identity theft, in violation of 18 U.S.C. § 1028A. The plea agreement contained a waiver provision whereby Hoskins relinquished her right to appeal and collaterally attack her conviction and sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct. On June 15, 2015, the district court sentenced Hoskins to 145 months in prison, consisting of 121 months for the conspiracy count and a mandatory

---

[1] References to document numbers assigned by the Clerk of Court in this action are designated as "Doc. No." Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

consecutive term of 24 months for the aggravated-identity-theft count. Hoskins took no direct appeal.

On June 8, 2016, Hoskins, proceeding *pro se*, filed this § 2255 motion raising claims that her counsel rendered ineffective assistance by failing to (1) file an appeal after she asked counsel to do so; (2) conduct an adequate pretrial investigation; (3) file substantive pretrial motions on her behalf; (4) explain the consequences of her plea, including the maximum sentence she faced; and (5) object to the presentence investigation report ("PSI") calculations or to submit any mitigating evidence regarding sentencing. Doc. No. 1 at 4–5; *see* Doc. Nos. 10 & 10-1.

In initially responding to Hoskins's claim that she asked him to file an appeal, Hoskins's former counsel, Tiernan W. Luck III, submitted an affidavit attesting that (1) to the best of his recollection, Hoskins had not asked him to file an appeal after he told her about the effects of the appeal waiver in her plea agreement, and (2) his file for Hoskins's case contains no record of Hoskins's having asked him to file an appeal. Doc. No. 12 at 1. Because there was a genuine dispute over material facts relevant to this issue, the court set an evidentiary hearing on Hoskins's claim that Luck was ineffective for failing to file an appeal after she asked him to do so. Doc. No. 16. The court appointed new counsel to represent Hoskins at the evidentiary hearing, which was set for June 6, 2019. *Id*.

When court convened for the evidentiary hearing on June 6, 2019, counsel for the government informed the court that the parties had reached an agreement about facts that might be dispositive of Hoskins's claim and might obviate the need for an evidentiary

2

hearing. The court then held an on-the-record hearing in chambers, where Hoskins's counsel informed the court that Luck recently acknowledged that Hoskins had asked him to file an appeal shortly after her sentencing, but that Luck declined to file an appeal, telling Hoskins that an appeal in her case would be frivolous. Counsel for the government agreed that Luck recently acknowledged these same facts.

In light of Luck's acknowledgement that Hoskins asked him to file an appeal, the government concedes that Hoskins's claim that Luck was ineffective for failing to file the requested appeal is meritorious and that Hoskins is therefore entitled to an out-of-time appeal. Consequently, and as set out below, the undersigned recommends that Hoskins's § 2255 motion be granted in part and dismissed without prejudice in part.

## II.   DISCUSSION

**A.   Counsel's Failure to File an Appeal**

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held that the test in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to determine whether counsel is ineffective for failing to file an appeal. *Flores-Ortega*, 528 U.S. at 477. Under *Strickland*, a defendant demonstrates ineffective assistance of counsel by showing: "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." *Flores-Ortega*, 528 U.S. at 476–77 (internal quotation marks and internal citations omitted).

Regarding the objective standard of reasonableness, the Supreme Court in *Flores-Ortega* reaffirmed that an attorney who fails to file an appeal on behalf of a client who

3

specifically requests it acts in a professionally unreasonable manner. *Id.* at 477. Regarding prejudice, the *Flores-Ortega* Court held that prejudice is presumed where counsel fails to file a requested appeal, so that when an attorney fails to file an appeal when requested to do so, the defendant need not demonstrate that she would have been able to raise meritorious issues on appeal. *Id.* at 477–78 & 483–86. The Court indicated that it would be unfair to require a litigant to demonstrate in a § 2255 proceeding that her appeal would have had merit. *Id.* at 486. Instead, the defendant must only demonstrate there is a reasonable probability that, but for counsel's failure, she would have timely appealed. *Id.* at 484.

An attorney's failure to pursue an appeal requested by the defendant normally should result in the court granting an out-of-time appeal, even absent the defendant showing that he or she would have had any viable grounds for appeal. *Flores–Ortega*, 528 U.S. at 477; *see also Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996); *Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003). Here, the parties agree that Hoskins instructed her counsel that she wanted to pursue an appeal but that her counsel failed to comply with her request. Consequently, the court recommends that § 2255 relief on this allegation of ineffective assistance of counsel is due to be granted, and Hoskins should be granted the opportunity to file an out-of-time appeal.[2]

---

[2] In *United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000), the Eleventh Circuit held that where a district court finds that a defendant was denied the right to appeal, the court should vacate the judgment, reimpose the same sentence, and inform the defendant of the right to appeal and that she has 14 (formerly 10) days in which to file a notice of appeal. 225 F.3d at 1201.

**B.     Dismissal of Remaining Claims without Prejudice**

The court finds that Hoskins is entitled to relief on her ineffective assistance of counsel claim regarding counsel's failure to file a requested appeal and that Hoskins should be granted the opportunity to file an out-of-time appeal. The court further finds the remainder of the § 2255 motion should dismissed without prejudice. *See McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) (where the district court grants a § 2255 movant's claim seeking an out-of-time appeal, the district court should dismiss without prejudice any remaining claims in the § 2255 motion or hold such claims in abeyance pending the outcome of the reinstated direct appeal).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Hoskins be GRANTED IN PART (limited to the claim that counsel failed to appeal) and DISMISSED WITHOUT PREJUDICE IN PART (as to the remaining claims). Specifically, it is the RECOMMENDATION of the Magistrate Judge that:

(1)  Hoskins be granted the opportunity to file an out-of-time appeal based on her meritorious claim that her counsel rendered ineffective assistance by failing to file a direct appeal when asked by Hopkins to do so;

(2)  the judgment in Criminal Case No. 3:14cr507 be vacated;

(3)  the same sentence then be reimposed and the identical judgment in the criminal case be re-entered;

(4)  Hoskins be advised that she must file any notice of appeal from the re-entered judgment within the 14-day period provided by Federal Rule of Appellate Procedure 4(b)(1)(A)(i);

(5)  Hoskins be advised that she has the right to appeal from the re-entered judgment in the criminal case and that attorney Everett McRae Urech has been appointed to represent her on appeal; and

(6) Hoskins's remaining claims for relief in her § 2255 motion be dismissed without prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **June 21, 2019**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 7th day of June, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE